930 F.2d 35
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Lee PRICE, Defendant-Appellant.
 No. 90-5105.
 United States Court of Appeals, Tenth Circuit.
 March 29, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Robert Lee Price was indicted for Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. Secs. 922(g)(1) and 924(e). Because Price had not been given Miranda warnings, he filed a motion to suppress statements he made to the arresting officer during and subsequent to his arrest. The District Court granted the motion, which was subsequently upheld by this court. United States v. Price, No. 88-2860 (10th Cir. Dec. 8, 1989) (unpublished opinion). Following a jury trial, Price was convicted and sentenced to imprisonment for fifteen years followed by five years of supervised release, pursuant to the Armed Career Criminal Act, 18 U.S.C. Sec. 924(e)(1). He now appeals on three grounds. We find them all unpersuasive and affirm.
 
 
 3
 Price first alleges that his right to due process was abridged by the government's loss of evidence that could potentially have exculpated him. Price's defense was that he did not knowingly possess the firearm found in the pocket of the jacket he was wearing at the time of his arrest because the jacket was borrowed and he was unaware of the gun's presence. Because the government lost the jacket, he was unable to introduce it into evidence for physical inspection by the jury. Thus, the jury was denied the opportunity "to make an informed judgment as to its weight, size, length, and true ownership." Appellant's Brief at 4. For this reason, Price believes he was not "afforded a meaningful opportunity to present a complete defense," California v. Trombetta, 467 U.S. 479, 485 (1984), and, therefore, was denied his right to due process.
 
 
 4
 Price's argument lacks merit. Price has produced no evidence to prove that the government ever possessed, much less lost, the jacket. All that is known is that the jacket became unaccounted for at some time between the arrest and the incarceration. Prior to Price's trial, in denying a motion to dismiss on the grounds that the government had lost or misplaced critical evidence, the district court judge observed that it was also possible "that the defendant threw [the jacket] out the window of the patrol car on the way to the police station...." R.Vol. III at 10. Because Price has wholly failed to establish a factual basis for his contention, it must fail.
 
 
 5
 Price next argues that the government introduced evidence at trial contrary to a suppression order issued by the district court and affirmed on appeal by this court. The order mandated suppression of Price's responses to the arresting officer's questions or interrogation because Price's statements constituted responses to a custodial interrogation conducted without the benefit of Miranda warnings. Specifically, Price asserts that the following question by the prosecutor elicited testimony from the arresting officer that should not have been admitted pursuant to the court's order:
 
 
 6
 Q: Did he [the defendant] at that time or later in the evening ask you any questions which led you to believe that he was aware of the gravity of the situation?
 
 
 7
 R.Vol. III at 78. The arresting officer responded:
 
 
 8
 A: Yes. He asked one question several times or actually made a statement several times that he would appreciate any break I could give him regarding the gun.
 
 
 9
 Id. On the same grounds, Price objects to a statement made by the prosecutor during closing argument, in which she reiterated the essence of these remarks.
 
 
 10
 The government argues that because Price made no objection during trial to either the question or the closing remark he now challenges on appeal, the objection is waived. We disagree. A preexisting order of the court cannot be waived. It is a standing order and preserves the issue for our review.
 
 
 11
 The statements complained of implicate the United States Constitution's fifth amendment privilege against self-incrimination. Because a federal constitutional error is alleged, our analysis under the facts of this case must focus on whether we can "declare a belief that [the error] was harmless beyond a reasonable doubt." Chapman v. California, 386 U.S. 18, 24 (1967); Delaware v. Van Arsdall, 475 U.S. 673, 681 (1986); Rose v. Clark, 478 U.S. 570, 576 (1986); United States v. Rivera, 900 F.2d 1462, 1470 (10th Cir.1990).
 
 
 12
 At the outset, we note that the statements complained of, contrary to the government's argument, do indeed fall within the purview of the district court's suppression order. The order is not so narrowly drawn as to be limited to the single question asked of the defendant concerning where he obtained the gun found in the pocket of the jacket he was wearing. Similarly, we find unpersuasive the government's argument that the statements complained of were not responses to the arresting officer's questions or interrogations, but rather questions asked by the defendant and, therefore, not within the ambit of fifth amendment protection. "[T]he term 'interrogation' under Miranda refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." Rhode Island v. Innis, 446 U.S. 291, 301 (1980).
 
 
 13
 We agree with the defendant that both the question the prosecutor asked of the arresting officer and the remark she made during closing argument were improper. We think, however, that the error was harmless. While the defense has not explained precisely how the evidence at issue prejudiced his client, the argument presumably would be that Price's appeals for leniency incriminated him by implying that he had prior knowledge of the gun in his pocket. Because Price's statements came after the officer removed the weapon from Price's pocket, however, this argument fails. Once the officer removed the gun, Price became aware that the weapon had been in his possession, regardless of any earlier knowledge. At that point, given Price's status as a convicted felon, his concern for how the officer would deal with his possession of the gun is entirely credible, whether or not he knowingly possessed the gun prior to that time. Because Price's words do not amount to a confession or an admission to any part of the offense with which he was charged, see id. at 301 n. 5, we believe the error was harmless.
 
 
 14
 Finally, Price argues that he was improperly sentenced under the Armed Career Criminal Act, 18 U.S.C. Sec. 924(e), because the trial court failed to make "a finding of the existance [sic] of the elements of generic burglary...." Appellant's Brief at 9. He argues that according to Taylor v. United States, 110 S.Ct. 2143 (1990), such a finding is necessary in order to use his three burglary convictions as a predicate to invoking the enhancement provisions of the Armed Career Criminal Act.
 
 
 15
 At the outset, we note that we find no requirement of specific findings in Taylor. Indeed, the plain language of the case indicates that one threshold for an offense to constitute burglary for sentence enhancement purposes is met simply if "its statutory definition substantially corresponds to 'generic' burglary...." Id. at 2160. Such a threshold falls far short of requiring findings.
 
 
 16
 We also note that Taylor was decided some nineteen days after Price was sentenced. Even were we to adopt defendant's argument, we would not apply it retroactively. Finally, the charging papers before us clearly indicate that the three burglaries used to invoke the sentencing enhancement provision of the Armed Career Criminal Act all contain the elements of "generic" burglary. Thus, had the trial court made any omission, it would be harmless.
 
 
 17
 The decision of the district court is accordingly AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3